UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                           :

MOLLY M. REID,

                           Plaintiff,    :    **ORDER AND OPINION ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND GRANTING MOTION TO REMAND**

           -against-

ANTHONY D. BLAIR and BLACKWATER ENTERPRISES INC.,

                      Defendants.  :    21 Civ. 8870 (AKH)

------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Molly M. Blair ("Plaintiff") commenced an action against Defendants Anthony D. Blair ("Blair") and Blackwater Enterprises, Inc. ("Blackwater"), (collectively "Defendants") in the Supreme Court for the Supreme Court of the State of New York, Bronx County, alleging that Defendants' negligence in operating a motor vehicle caused personal injuries to Plaintiff and seeking relief under New York state law. *See* Complaint ("Compl."), Notice of Removal Ex. A, ECF No. 1-1. In a Verified Complaint, Plaintiff demanded judgment "in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, and in an amount which satisfied diversity jurisdiction of the Federal Courts pursuant to 28 USCA § 1441 and 131 . . . ." *Id.* Plaintiff served Defendant Blair with the Summons and Verified Complaint at his residence on January 14, 2021, and by mail on February 3, 2021; Plaintiff served Defendant Blackwater by mail to the Georgia Secretary of State on March 1, 2021. *See* ECF Nos. 1-3, 1-4. On April 27, 2021, Defendants filed a Verified Answer in state court, and on April 29, 2021, served numerous discovery demands, including that Plaintiff provide the total amount of damages sought. *See* ECF No. 1-4. Plaintiff responded on October

1

18, 2021 and stated that she was entitled to $2,000,000 in damages. *See* ECF No. 1-5. On October 29, 2021, Defendants removed the action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and asserting that removal was proper based on the complete diversity of citizenship between the parties and an amount-in-controversy exceeding $75,000. Defendants further asserted that removal was timely because the action was removed within 30 days of Plaintiff's response to the demand for damages.

On November 11, 2021, Plaintiff filed the instant motion to remand to state court, claiming that Defendants' removal was untimely. On December 8, 2021, Plaintiff's motion was referred to United States Magistrate Judge Stewart D. Aaron for a report and recommendation.[1] (ECF No. 9). On December 14, 2021, the magistrate submitted a report and recommended that I grant Plaintiff's motion to remand. *See* ECF No. 13. The parties submitted papers in objection to, and in support, of Judge Aaron's report and recommendation. Having reviewed all relevant documents, and for reasons provided below, I adopt the magistrate's report and recommendation, and grant Plaintiff's motion for remand.

**BACKGROUND**

On October 23, 2020, Plaintiff filed a Verified Complaint in the Supreme Court of the State of New York, Bronx County, against Defendants, alleging that Defendants were negligent in operating a motor vehicle in the State of New York, and seeking damages for personal injuries. *See* Compl. The Complaint included an ad damnun clause wherein Plaintiff demanded judgment "in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, and in an amount which satisfies diversity jurisdiction of the Federal

---

[1] This case was originally assigned to Judge Alison Nathan but was reassigned to this Court on April 6, 2022, after Judge Nathan was appointed and confirmed to the Court of Appeals for the Second Circuit.

Courts pursuant to 28 U.S.C. § 1441 and 1331 . . . ." *Id.* at 8.  Defendants Blair and Blackwater were served with the Summons and Verified Complaint—Blair was served in person on January 14, 2021, and by mail, on February 23, 2021; Blackwater was served by mail to the Georgia Secretary of State on March 1, 2021.  *See* Not. of Removal, ECF Nos. 1-3, 1-4.

On April 27, 2021, Defendants filed their Verified Answer, and on April 29, 2021, they served numerous discovery demands, including a demand, pursuant to N.Y. C.P.L.R. § 3017(c), that Plaintiff state the total of amount damages to which she deemed herself entitled. *See* Demand for Damages, Notice of Removal Ex. D, ECF No. 1-4, at 32–34.  On October 18, 2021, Plaintiff filed her responses, which included a demand for $2,000,000 in damages.  *See* Response to Combined Demands, Notice of Removal Ex. E, ECF No. 1-5, at 2.

On October 29, 2021, Defendants removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that removal was proper based on diversity jurisdiction because there is complete diversity of citizenship (Plaintiff is a citizen of New York, and Defendants are citizens of Georgia), and the amount in controversy exceeds $75,000.  *See* Notice of Removal, ¶¶ 16–17.  Defendant further asserted that removal was timely because the action was removed within 30 days of Plaintiff's response to the demand for damages.  *See id.* ¶ 14.

On November 11, 2021, Plaintiff moved to remand the action to the Supreme Court for the State of New York, Bronx County, asserting that Defendants' removal on October 29, 2021 was untimely.  *See* Plaintiff's Notice of Motion, ECF No. 6.  On December 8, 2021, Judge Nathan referred Plaintiff's motion to the magistrate for a report and recommendation, and after entertaining the parties' briefing on the matter.

On December 14, 2021, Magistrate Judge Aaron issued a report, recommending that Plaintiff's motion be granted.  *See* Report, ECF No. 13.  He found that Defendants could

3

have ascertained removability from the Verified Complaint because Defendants were aware of the diversity of citizenship, and the ad damnum clause of the Verified Complaint explicitly stated that Plaintiff sought damages in an amount satisfying diversity jurisdiction requirements. *See id.* at 4–5 (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir. 2001). As the ad damnum clause put Defendants on notice, the 30-day period for removal began to run on March 1, 2021, when Defendant Blackwater was served. *See id.* Because Defendants did not file their Notice of Removal until October 29, 2021, Judge Aaron concluded removal was untimely under 28 U.S.C. § 1446(b)(1).

Judge Aaron analogized this case to *Jimenez-Garcia v. Greenwich Ins. Co.*, No. 20-CV-9210, 2020 WL 7352505 (S.D.N.Y. Dec. 15, 2020). There, the state court complaint demanded "damages in the sum which exceeds the sum or value established by 28 U.S.C. § 1332(a) exclusive of interests and costs," and removal was sought more than 30 days after the defendant received a copy of the complaint. *Id.* at *2, 5. Although the Verified Complaint did not state a specific amount, which is proscribed by the C.P.L.R, Judge Carter found that the defendant could intelligently ascertain removability from the complaint, triggering the 30-day clock for removal. *See id.* at *3. Judge Aaron found this case analogous because the ad damnum clause[2] in Plaintiff's Verified Complaint enabled Defendants to intuit that the amount in controversy was satisfied, and therefore, to intelligently ascertain removability. *See* Report at 5.

Judge Aaron rejected Defendants' argument that the Second Circuit's opinion in *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010), prevents the 30-day removal clock from beginning to run unless the Complaint explicitly specifies the amount of monetary damages sought. Judge Aaron noted that the *Moltner* Court did not disagree with the prior

---

[2] Judge Aaron addressed the ad damnum clause's reference to Section 1331, noting it was likely a typographical error. *See* Report at 2 n.1.

decision in *Whitaker*, which held that "[a] case is removable when the initial pleading enables the defendant to intelligently ascertain removabiliy from the face of such pleading." *See id.* at 37 (quoting *Whitaker*, 261 F.3d at 205). *Moltner* was distinguishable, in that the plaintiff pointed to district court cases from other circuits, holding that the removal clock runs from service, even where the complaint does not specify an amount of monetary damages sought, so long as the defendant can reasonably discern from the complaint that the damages sought will meet the minimum required for diversity jurisdiction. *See id.* at 37. The Second Circuit rejected that rule, and instead, decided to follow the Eighth Circuit's rule that the 30-day time limit begins running only when the defendant is served "with a paper that explicitly specifies the amount of monetary damages sought." *Id.* at 38 (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount.")). Judge Aaron found the *Moltner* rule satisfied because Plaintiff disclosed that she seeks damages "in an amount which satisfies diversity jurisdiction of the Federal Courts." Report at 6. Judge Aaron further addressed the discrepancy, also noted by Judge Carter, between the language used by the Eighth Circuit in *In re Willis* and the Second Circuit *Moltner*: The rule announced in *Moltner* could be construed as meaning the defendant must receive a piece of paper that specific an exact amount of damages, or it could be construed as meaning that the paper explicitly identifies damages sought, in such a way that does not leave defendants guessing as to whether federal jurisdiction applies. *See Jimenez-Castro*, 2020 WL 7352505, at *5. Both Judges Aaron and Carter concluded that *Moltner*'s language is simply an elegant variation of the Eight Circuit's formulation, but that the holdings are the same. *See* Report at 6 n.7 (citing *Jimenez-Castro*, 2020 WL 7352505, at *5).

5

Finally, Judge Aaron rejected Defendants' arguments that the 30-day clock could only have begun to run when Plaintiff responded to their demand for damages and distinguished the two cases relied on by Defendants—*Remy v. Savoie*, No. 17-CV-663, 2017 U.S. Dist. LEXIS 22350 (E.D.N.Y. Feb. 16, 2017, and *Oakes v. Cheesecake Factory Restaurants, Inc.*, No. 20-CV-269, 2020 U.S. Dist. LEXIS 96338 (N.D.N.Y. 2020).  In those cases, the courts considered the defendant's burden to establish in the notice of removal that the amount in controversy exceeds the jurisdictional amount.  *See Remy*, 2017 U.S. Dist. LEXIS 22350, at *1; *Oakes*, 2020 U.S. Dist. LEXIS 96338, at *2.  However, both courts alluded to the fact that this issue need not be reached if the jurisdictional amount is clearly alleged in the plaintiff's complaint.  *See Remy*, 2017 U.S. Dist. LEXIS 22350, at *1 ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.") (citations omitted); *Oakes*, 2020 U.S. Dist. LEXIS 96338, at *2 (same).  Because Plaintiff's ad damnum clause clearly alleged that the damages sought satisfied the jurisdictional amount, Judge Aaron found Plaintiff's response to the demand for damages was not necessary to ascertain removability.  *See* Report at 7.

Thereafter, Defendants filed their objections to the report, arguing that the magistrate improperly relied on *Jimenez-Garcia*; misapplied *Moltner*; and improperly distinguished *Remy* and *Oakes*.  *See* Defendants Objections ("Defs. Obj."), ECF No. 14.  Plaintiffs responded, arguing in favor of the magistrate's decision and interpretation of relevant case law, and also cited a more recent opinion from Judge Ronnie Abrams, issuing a decision on the identical jurisdictional language included in the ad damnum clause, finding the placement

6

proper, and that Defendant could ascertain removability from the Complaint, such that the time for removal began to run at the time of service. *See* ECF No. 15 (discussing *Anguiano v. Vukovojac and Western Express*, 21-CV-7523 (S.D.N.Y. Dec. 22, 2021). Defendants replied, renewing their prior objections, and further objecting to Plaintiff's reliance on *Anguiano*. *See* ECF No. 16.

## DISCUSSION

I.    Legal Standard

A district judge must make a de novo determination of those portions of a magistrate judge's report to which an objection is made. Fed. R. Civ. P. 72(B)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portion of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

II.   Analysis

Judge Aaron recommended that I grant Plaintiff's motion to remand. Having reviewed the parties' objections and the record in this case, I agree with Judge Aaron that the 30-day clock began to run when Blackwater was served on March 1, 2021, and that Defendants' removal on October 29, 2021 was untimely. I grant Plaintiff's motion to remand but first address Defendants' objections.[3]

---

[3] I do not address Plaintiff's arguments or reliance on *Anguiano* because Judge Aaron did not rely on that case in his report and recommendation.

7

      A.      Reliance on *Jimenez-Castro*

Judge Aaron's reliance and analogy to *Jimenez-Castro* was not improper, and *Jimenez-Castro* supports the recommendation for remand. Defendants argue that Judge Aaron improperly analogized to *Jimenez-Castro*. They note that in *Jimenez-Castro*, the ad damnum clause referenced Section 1332, whereas here Plaintiff's ad damnum clause stated that she seeks damages in an amount satisfying diversity jurisdiction but cited Section 1331. *See* Defs. Obj. at 2–3. Defendants further object to Judge Aaron's dismissal of the ad damnum clause's reference to Section 1331 as typographical error. *See id.* Defendants argue that the reference to Section 1331 instead of Section 1332 was a material difference. The *Jimenez-Castro* complaint's reference to Section 1332 enabled that defendant to look up Section 1332(a) to see if the amount in controversy requirement was satisfied. Here, Defendants contend that the same could not be said because Section 1331 does not state a threshold amount-in-controversy.

Defendants' arguments are unpersuasive. First, the only possible basis for federal jurisdiction in this case is diversity jurisdiction. Therefore, given that Defendants had to have known that complete diversity of citizenship existed, the only question was whether the amount in controversy requirement was satisfied. And that question was answered by Plaintiff's ad damnum clause, which stated that she seeks damages in an amount that satisfies diversity jurisdiction. The additional reference to Section 1331 is largely superfluous, as Section 1331 could never provide a basis for federal jurisdiction here, given that Plaintiff brings only a single state law cause of action. Moreover, if Defendants were confused as to the potential basis for federal jurisdiction, they could have sought clarification; instead, they served a demand for damages. While such a demand was clearly permissible, and no doubt valuable to Defendants, Plaintiff's response was not necessary for the purpose of ascertaining whether the amount-in-

8

controversy exceeds the federal jurisdiction requirements. This information was stated clearly and unambiguously in the ad damnum clause, no matter the cited source of authority. Thus, Judge Aaron properly analogized to *Jimenez-Castro* and rightly concluded that the 30-day clock began to run when Blackwater was served on March 1, 2021.

      B.      Application of *Moltner*

Judge Aaron did not misapply *Moltner*, and *Moltner* also supports the recommendation for remand. Defendants argue that Judge Aaron misapplied and "seems to overrule the *Moltner* Court." Defs. Obj. at 3–4. As Defendants read *Moltner*, that case requires an "explicit specific amount" be stated before a defendant can be charged with notice as to removability, and the Second Circuit's purpose in adopting such a bright line rule was to prevent subsequent litigation about whether a defendant should have known that the jurisdictional requirement was met from the face of the complaint. *See id.* (quoting *Moltner*, 624 F.3d at 38). Defendants contend that the *Moltner* rule is intended to prevent the result reached here.

In *Moltner*, the plaintiff filed a complaint in New York State Supreme Court, seeking damages for personal injuries. *See* 264 F.3d at 36. The complaint described the plaintiff's injuries but did not state the amount of monetary damages sought. *See id.* The defendant served a request for damages sought, and the plaintiff stated that she sought damages not to exceed $3 million. *See id.* The defendant filed a notice of removal eight days later. *See id.* On appeal from the district court's denial of her motion to remand, the plaintiff argued that the defendant's removal was untimely because the 30-day clock started to run upon service of the complaint. This was so, she argued, because by "applying a reasonable amount of intelligence to its reading of the complaint, [the defendant] should have deduced from the complaint's description of her injuries that the amount in controversy would exceed $75,000."

9

*Id.* at 37 (quotations omitted). The Second Circuit rejected this argument and adopted the bright line rule used in the Eighth Circuit that the removal clock only starts to run when the defendant is served "with a paper that explicitly specifies the amount of monetary damages sought. *Id.* at 38 (citing *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam) (holding that an initial complaint only starts the 30-day removal clock when it "explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount")).

Defendants misread *Moltner*. First, nowhere in its opinion did the Second Circuit state that an "explicit" amount can be satisfied only by numerical value. The court explicitly stated that it was following the Eighth Circuit's rule. And as suggested in *In re Willis*, the Eighth Circuit's rule requires disclosure that the federal jurisdictional amount has been met, not a specific dollar amount. The *Moltner* Court in no way suggested that it intended to adopt a different rule, or the narrower rule Defendants advance here.

Defendants are also incorrect that Judge Aaron reached a result that the *Moltner* Court sought to avoid. Unlike in *Moltner*, Plaintiff did not merely describe her injuries and leave Defendants to read the complaint, speculate about the scope of Plaintiff's injuries and potential damages, and guess as to whether federal jurisdiction was proper. Instead, Plaintiff's ad damnum clause explicitly stated that Plaintiff seeks damages sufficient to satisfy diversity jurisdiction, leaving nothing for Defendants to deduce in order to determine that the action was removable. Plaintiff's explicit demand for damages in an amount that satisfies diversity jurisdiction "explicitly discloses" that she seeks "damages in excess of the federal jurisdictional amount." Thus, consistent with *Moltner*, the removal clock began to run when Blackwater was served, and Judge Aaron rightly concluded that Defendants' removal was untimely.

  C. Distinguishing *Remy* and *Oakes*

  Judge Aaron did not improperly distinguish *Remy* and *Oakes*, and those cases do not support Defendants' contention that their removal was timely.  Defendants argue that Judge Aaron should not have found those cases unnecessary to decide the instant motion because they show that cases are normally remanded as premature when no explicit specific amount is stated in the complaint, and that the proper procedure in New York is to serve a demand for damages, as Defendants did here.  *See* Defs. Objs. at 5–6.

  As Judge Aaron rightly noted, both *Remy* and *Oakes* involved questions of untimely (premature) removal and complaints that did not state a specific amount-in-controversy.  The *Remy* and *Oakes* courts found that the defendants failed to meet their burden of demonstrating removability.  In *Remy*, the court remanded because the defendant failed to make a demand for damages, and the complaint was an insufficient basis for determining whether the amount-in-controversy requirement was satisfied.  *See Remy*, 2017 U.S. Dist. LEXIS 22350, at *6–7 (finding the absence of information in the complaint and notice of removal concerning the nature and extent of the plaintiff's injuries or treatment receive left the court "to guess at the amount in controversy").  In *Oakes*, the court remanded because the complaint did not clearly state an amount of damages, and the plaintiff's response to a demand for damages only stated that the amount in controversy might exceed the federal jurisdiction requirement.  *See Oakes*, 2020 U.S. Dist. LEXIS 96338, at *5–6 (noting that Plaintiff's complaint did not have facts showing damages in excess of $75,000, and that the plaintiff's response to the defendant's Notice to Admit stated only that "the damages sought in this action *may* exceed $75,000") (emphasis in original).  Although Defendants invoke *Remy* and *Oakes* as cautionary tales against premature removal, their reliance on those cases is wholly misplaced because there is no

11

question as to removability here; the only question is whether removal was timely. Judge Aaron therefore rightly distinguished, and found inapplicable, *Remy* and *Oakes*.

## CONCLUSION

For the reasons provided, Plaintiff's motion is granted. The Clerk shall terminate the motion (ECF No. 10), remand this action to the Supreme Court of the State of New York, Bronx County, and close the case.

SO ORDERED.

Dated: April 28, 2022  /s/ Alvin K. Hellerstein
New York, New York  ALVIN K. HELLERSTEIN
United States District Judge